Matter of T.L.H. (S.L.H.) (2025 NY Slip Op 02156)

Matter of T.L.H. (S.L.H.)

2025 NY Slip Op 02156

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Kapnick, Rodriguez, Rosado, JJ. 

Docket No. B-7737/22|Appeal No. 4097|Case No. 2024-03870|

[*1]In the Matter of T.L.H., Also Known as T.B., a Dependent Child Under Eighteen Years of Age, etc., Forestdale, Inc., Respondent, S.L.H., Respondent-Appellant, Shane M.H., Also Known as Shane M.B., Respondent.

Law Office of Thomas R. Villecco, New York (Thomas R. Villecco of counsel), for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Douglas H. Reiniger of counsel), for Forestdale, Inc., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order, Family Court, Bronx County (David J. Kaplan, J.), entered on or about June 14, 2024, which, to the extent appealed from as limited by the briefs, upon a finding of permanent neglect, terminated appellant father's parental rights to the subject child and committed custody and care of the child to petitioner agency and the Commissioner for the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that the agency made diligent efforts to encourage and strengthen the parental relationship between the father and the child (see Matter of K.Y.Z. [W.Z.], 228 AD3d 560, 561 [1st Dept 2024]). The father's service plan included drug treatment programs, mental health services, parenting skills programs, and consistent visitations with the child, and the agency made repeated attempts to engage the father in his service plan. The agency also repeatedly urged him to provide the agency with consent to speak to his medical provider to verify his claim that his daily use of painkillers was pursuant to a valid prescription.
Despite these efforts the father failed to plan for the child's future by failing to maintain contact with the child through consistent and regular visitation (see Matter of B.W. [N.W.], 214 AD3d 425, 426 [1st Dept 2023], lv denied 39 NY3d 915 [2023]). The father missed a significant amount of the scheduled visits without providing a valid excuse. The father also failed to engage in mental health services or a drug treatment program, failed to submit to random drug screenings, and repeatedly refused to sign a release or authorization or provide a copy of his oxycodone prescription to the agency. Thus, Family Court properly concluded that the father failed to plan for the child's return, as he did not address the conditions that led to the child's removal (see Matter of Tion Lavon J. [Saadiasha J.], 159 AD3d 579, 579 [1st Dept 2018]).
We have considered the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025